IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | |
|---|---|
| JEFFREY R. WENK and<br>LEE ANN WENK,<br><br>    Plaintiffs,<br><br>v.<br><br>STATE FARM FIRE & CASUALTY COMPANY,<br><br>    Defendant.<br><br>**JURY TRIAL DEMANDED** | CIVIL DIVISION<br><br>No. GD 22-001605<br><br>**COMPLAINT**<br><br><br>Counsel of Record for this Party:<br><br>Steven E. Gibbs, Esquire<br>PA I.D. #314894<br><br>500 Grant Street<br>Suite 2900<br>Pittsburgh, PA 15219<br><br>Tel: 412-225-1112 |

FILED
2022 FEB 10 PM 3:31
DEPT. OF COURT RECORDS
CIVIL/FAMILY DIVISION
ALLEGHENY COUNTY PA

T109666
10 February 2022
15:29:56
GD-22-001605

## **NOTICE TO DEFEND**

YOU HAVE BEEN SUED IN COURT. If you wish to defend against the claims set forth in the following pages, you must take action within TWENTY (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THESE OFFICES MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

Lawyer Referral Service
Allegheny County Bar Association
11th Floor Koppers Building
436 Seventh Avenue
Pittsburgh, PA 15219
Telephone: (412) 261-5555

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA**

| | |
|---|---|
| JEFFREY R. WENK and ) <br> LEE ANN WENK, his wife, ) <br> ) <br>     Plaintiffs, ) <br> )    No. GD _____ <br>     v. ) <br> ) <br> STATE FARM FIRE & CASUALTY ) <br> COMPANY, ) <br> ) <br>     Defendant. ) <br> ) | |

## COMPLAINT

Plaintiffs, Jeffrey and Lee Ann Wenk, through their undersigned counsel, file this Complaint and aver as follows.

## PARTIES

1. Plaintiffs, Jeffrey R. Wenk and Lee Ann Wenk, aka Lee Ann Madden, his wife, are adult individuals who reside in Allegheny County at 504 Harrogate Drive, Pittsburgh, Pennsylvania.

2. Defendant State Farm Fire and Casualty Company ("State Farm") is an insurance corporation with a regional claims office located at State Farm Drive, Concordville, Pennsylvania 19331, and with corporate headquarters located in Bloomington, Illinois.

## VENUE AND JURISDICTION

3. Jurisdiction in Pennsylvania is proper because the transactions and occurrences giving rise to the causes of action occurred in Pennsylvania. Further, defendant State Farm consented to the personal jurisdiction of the Allegheny County Court of Common Pleas, pursuant to the Full and Final Mutual Release and Settlement Agreement ("Settlement Agreement") from which this Complaint arises. *See* Exhibit A [to be filed under seal and/or in redacted form], Settlement Agreement at ¶ 14 ("All parties consent and agree to submit to the personal jurisdiction of the Court of Common Pleas of Allegheny County, Pennsylvania, for any disputes arising out of this Agreement.").

4. Venue is proper in Allegheny County because both the Wenks and State Farm agreed that the Allegheny County Court of Common Pleas would be the venue for any disputes arising from the Settlement Agreement. *Id.*

## FACTUAL BACKGROUND

5. In September 2007, the Wenks' home suffered extensive damage during a project to repair and replace siding.

6. As a result of the damage, the Wenks and State Farm filed a complaint in the Allegheny County Court of Common Pleas against two individuals and two entities that were involved in the project. *Wenk v. D&R Equipment, et al.*, Docket No. G.D. 09-011729 ("Initial Incident Lawsuit").

7. State Farm provided the Wenks homeowner's insurance and, therefore, had a subrogated interest in the lawsuit. *Id.*

8. Based on State Farm's handling of the Wenks' claim and the repairs performed by State Farm's preferred contractor, the Wenks filed a separate lawsuit against State Farm and its preferred contractor. *Wenk v. State Farm, et al.*, Docket No. G.D. 08-018845 ("Insurance Lawsuit").

*The Settlement Agreement*

9. In August 2017, the Wenks and State Farm reached an agreement with the defendants in the Initial Incident Lawsuit. Exhibit A, Settlement Agreement.

10. The confidentiality of the Settlement Agreement was very important to the Wenks for many reasons, including but not limited to the Settlement Agreement's discussion of their three daughters, who were between the ages of 7 and 13 at the time. *Id.*

11. As a result, the Wenks insisted upon a strong confidentiality provision in the Settlement Agreement. *Id.* at ¶ 6, p. 12.

12. All of the parties agreed that confidentiality was "a material and substantial part of the consideration for the settlement." *Id.*

13. Due to the importance of confidentiality, the parties further agreed that any party who breached the confidentiality provision must pay liquidated damages. *Id.*

14. The Wenks proposed $250,000 for the liquidated damages amount, which reflected the Wenks' value of confidentiality. State Farm did not object to the Wenks' proposal of $250,000; however, the defendants disagreed with the amount and therefore no specific amount was set forth in the Settlement Agreement. *Id.*

15. Although State Farm did not express any objection to the $250,000 liquidated damages amount, State Farm's subsequent conduct breached the Settlement Agreement by repeatedly violating the confidentiality provision.

16. In fact, shortly after signing the Settlement Agreement, State Farm began a series of actions that ensured the Settlement Agreement and its terms would not remain confidential.

*State Farm's Actions After Signing Settlement Agreement*

17. Almost immediately after signing the Settlement Agreement, State Farm *moved* for an order in the Insurance Lawsuit to require the Wenks to produce the Settlement Agreement and provide

testimony on its terms. Exhibit B, *State Farm's Motion to Compel Production of Release and Testimony Regarding Settlement*, dated September 12, 2017.

18. After the trial court in the Insurance Lawsuit granted State Farm's motion, the court entered a *Confidentiality Agreement and Order of Court* ("Confidentiality Order") in an attempt to address the Wenks' concerns about producing the Settlement Agreement. Exhibit C, *Confidentiality Agreement and Order of Court*, dated December 12, 2017.

19. The Confidentiality Order provided that "Any and all court filings that mention any of the terms of the Release and Settlement Agreement are to be done under seal." *Id.* at ¶ 3.

20. The Confidentiality Order further provided that the parties' rights and obligations under the Settlement Agreement were not affected by the court's order to produce the Settlement Agreement, except to the extent necessary to comply with the order. *Id.* at ¶ 4.

21. Nonetheless, State Farm filed a Supplemental Brief that set forth the financial terms of the Settlement Agreement and discussed other confidential information from the agreement. Exhibit D [to be filed under seal and/or in redacted form], *State Farm's Supplemental Brief In Support of Setoff*.

22. State Farm filed its Supplemental Brief, including the confidential information, in unredacted form on the publicly-accessible electronic docket for the Allegheny County Court of Common Pleas.

23. State Farm's Supplemental Brief, including its detailed recitation of the Settlement Agreement's terms, remained publicly available until the Wenks discovered it and demanded its removal from the electronic docket.

**Count I – Breach of Contract**

24. Each of the preceding paragraphs is incorporated as though fully set forth herein.

25. Both the Settlement Agreement and Confidentiality Order required that any party filing a document that specifically identifies terms or conditions of the Settlement Agreement must do so under seal. Exhibit A at ¶ 6; Exhibit C at ¶ 3.

26. State Farm breached the Settlement Agreement by filing its unredacted Supplemental Brief, which set forth confidential financial terms and other information from the Settlement Agreement, on a publicly accessible electronic docket. *Id.*

27. In accordance with the terms of the Settlement Agreement, any breach of the confidentiality provision "will be deemed a material breach for which the breaching party shall be responsible for the payment of liquidated damages." Exhibit A at ¶ 6, p. 12.

### Count II – Breach of Contract

28. Each of the preceding paragraphs is incorporated as though fully set forth herein.

29. The Settlement Agreement's confidentiality provision allowed a limited exception for disclosures made in the Insurance Lawsuit, but only to the extent it is necessary to disclose or state that a settlement had been reached in the Initial Incident Lawsuit. Exhibit A at ¶ 6, p. 11.

30. Any further disclosure, including disclosures related to the terms of the Settlement Agreement, could only be made pursuant to a court order. *Id.* at 11-12.

31. By *moving for* a court order to require disclosure of the Settlement Agreement's terms, State Farm denied the Wenks the confidentiality for which they had bargained. *Id.*; Exhibit B, *State Farm's Motion to Compel Production of Release and Testimony Regarding Settlement.*

32. In doing so, State Farm evaded the spirit of the agreement between the settling parties and breached its implied covenant of good faith and fair dealing.

33. Accordingly, State Farm's efforts to undermine the confidentiality of the Settlement Agreement are a breach of the agreement.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs Jeffrey and Lee Ann Wenk respectfully request that this Honorable Court enter judgment in their favor and against State Farm in the amount of $250,000, plus interest, costs, attorney fees, and such other relief as this Honorable Court deems just and proper.

February 10, 2022

Respectfully submitted,

/s/ Steven E. Gibbs
Steven E. Gibbs, Esq.
Pennsylvania Supreme Court No. 314894
Gibbs LLC
500 Grant Street, Suite 2900
Pittsburgh, PA 15219
Telephone: (412) 225-1112
Steve.Gibbs@GibbsLawLLC.com
*Counsel for Plaintiffs*

## **VERIFICATION**

I, Jeffrey Wenk, verify that the facts set forth in the foregoing Complaint are true and correct based on my personal knowledge. I understand that this statement is made subject to the penalties of 18 Pa.C.S.A. § 4904 relating to unsworn falsifications to authorities.

Dated: 2/8/2022                                   _Jeffrey R Wenk_ (signature)

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the *Case Records Public Access Policy of the Unified Judicial System of Pennsylvania* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by: Steven E. Gibbs

Signature: */s/ Steven E. Gibbs*

Name: Steven E. Gibbs

PA Supreme Court No.: 314894

# Supreme Court of Pennsylvania
## Court of Common Pleas
## Civil Cover Sheet

_____ County

| For Prothonotary Use Only: |
|---|
| Docket No: |

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

**SECTION A**

**Commencement of Action:**
- ☒ Complaint
- ☐ Writ of Summons
- ☐ Petition
- ☐ Transfer from Another Jurisdiction
- ☐ Declaration of Taking

**Lead Plaintiff's Name:** Jeffrey Wenk

**Lead Defendant's Name:** State Farm Fire & Casualty Co.

**Are money damages requested?** ☒ Yes ☐ No

**Dollar Amount Requested:** (check one)
- ☐ within arbitration limits
- ☒ outside arbitration limits

**Is this a *Class Action Suit*?** ☐ Yes ☐ No

**Is this an *MDJ Appeal*?** ☐ Yes ☐ No

**Name of Plaintiff/Appellant's Attorney:** Steven Gibbs

☐ Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)

**Nature of the Case:** Place an "X" to the left of the **ONE** case category that most accurately describes your **PRIMARY CASE**. If you are making more than one type of claim, check the one that you consider most important.

**SECTION B**

**TORT** *(do not include Mass Tort)*
- ☐ Intentional
- ☐ Malicious Prosecution
- ☐ Motor Vehicle
- ☐ Nuisance
- ☐ Premises Liability
- ☐ Product Liability *(does not include mass tort)*
- ☐ Slander/Libel/ Defamation
- ☐ Other:

**MASS TORT**
- ☐ Asbestos
- ☐ Tobacco
- ☐ Toxic Tort - DES
- ☐ Toxic Tort - Implant
- ☐ Toxic Waste
- ☐ Other:

**PROFESSIONAL LIABLITY**
- ☐ Dental
- ☐ Legal
- ☐ Medical
- ☐ Other Professional:

**CONTRACT** *(do not include Judgments)*
- ☐ Buyer Plaintiff
- ☐ Debt Collection: Credit Card
- ☐ Debt Collection: Other
- ☐ Employment Dispute: Discrimination
- ☐ Employment Dispute: Other
- ☒ Other: Breach of Settlement Agreement

**REAL PROPERTY**
- ☐ Ejectment
- ☐ Eminent Domain/Condemnation
- ☐ Ground Rent
- ☐ Landlord/Tenant Dispute
- ☐ Mortgage Foreclosure: Residential
- ☐ Mortgage Foreclosure: Commercial
- ☐ Partition
- ☐ Quiet Title
- ☐ Other:

**CIVIL APPEALS**
Administrative Agencies
- ☐ Board of Assessment
- ☐ Board of Elections
- ☐ Dept. of Transportation
- ☐ Statutory Appeal: Other

- ☐ Zoning Board
- ☐ Other:

**MISCELLANEOUS**
- ☐ Common Law/Statutory Arbitration
- ☐ Declaratory Judgment
- ☐ Mandamus
- ☐ Non-Domestic Relations Restraining Order
- ☐ Quo Warranto
- ☐ Replevin
- ☐ Other:

*Updated 1/1/2011*

# CONFIDENTIAL DOCUMENT FORM



Case Records Public Access Policy of the Unified Judicial System of Pennsylvania
204 Pa. Code § 213.81
www.pacourts.us/public-records

Jeffrey and Lee Ann Wenk
(Party name as displayed in case caption)

Docket/Case No. GD-22-001605

Vs.

State Farm Fire & Casualty Co.
(Party name as displayed in case caption)

Court: Common Pleas - Allegheny County

This form is associated with the pleading titled **Complaint**, dated **February 10**, **2022**.

Pursuant to the *Case Records Public Access Policy of the Unified Judicial System of Pennsylvania*, the Confidential Document Form shall accompany a filing where a confidential document is required by law, ordered by the court, or is otherwise necessary to effect the disposition of a matter. This form shall be accessible to the public, however the documents attached shall not be publicly accessible, except as ordered by a court. The documents attached will be available to the parties, counsel of record, the court, and the custodian. **Please only attach documents necessary for the purposes of this case.** Complete the entire form and check all that apply. This form and any additional pages must be served on all unrepresented parties and counsel of record.

| Type of Confidential Document | Paragraph, page, etc. where the confidential document is referenced in the filing: |
|---|---|
| ☒ Financial Source Documents | |
| ☐ Tax Returns and schedules | |
| ☐ W-2 forms and schedules including 1099 forms or similar documents | |
| ☐ Wage stubs, earning statements, or other similar documents | |
| ☐ Credit card statements | |
| ☐ Financial institution statements (e.g., investment/bank statements) | |
| ☐ Check registers | |
| ☐ Checks or equivalent | |
| ☐ Loan application documents | |
| ☐ Minors' educational records | |
| ☒ Medical/Psychological records | |
| ☐ Children and Youth Services' records | |
| ☐ Marital Property Inventory and Pre-Trial Statement as provided in Pa.R.C.P. No. 1920.33 | |
| ☐ Income and Expense Statement as provided in Pa.R.C.P. No. 1910.27(c) | |
| ☐ Agreements between the parties as used in 23 Pa.C.S. §3105 | |

I certify that this filing complies with the provisions of the *Case Records Public Access Policy of the Unified Judicial System of Pennsylvania* that require filing confidential information and documents differently than non-confidential information and documents.

Signature of Attorney or Unrepresented Party

Name: Steven Gibbs

Address: 500 Grant Street, Suite 2900
Pittsburgh, PA 15219

Date: 02/10/22

Attorney Number: (if applicable) 314894

Telephone: (412) 225-1112

Email: steve.gibbs@gibbslawllc.com

Rev. 7/2018