IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEFFREY R. WENK, LEE ANN WENK, <br><br> Plaintiffs, <br><br> v. <br><br> STATE FARM FIRE AND CASUALTY COMPANY, <br><br> Defendant. | 2:22-CV-00433-CCW |

## <u>MEMORANDUM OPINION</u>

Before the Court is Defendant State Farm Fire and Casualty Company's ("State Farm") Motion to Dismiss the Complaint for failure to state a claim. *See* ECF No. 5.

For the reasons that follow, State Farm's Motion to Dismiss will be DENIED.

### I.      Background

#### A.  Procedural History

On February 10, 2022, Plaintiffs Jeffrey R. Wenk and Lee Ann Wenk filed a Complaint in the Court of Common Pleas of Allegheny County against Defendant State Farm alleging two counts of breach of contract.  ECF No. 1-2.  State Farm timely removed the action, ECF No. 1, and filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  ECF No. 5. The Motion is fully ripe and ready for disposition.

#### B.  Relevant Factual Allegations

The two breach of contract claims in this manner arise out of events related to a Full and Final Mutual Release and Settlement Agreement (the "Settlement Agreement").  The Settlement Agreement was entered into in August 2017 between the Wenks, State Farm, and defendants from a lawsuit initiated by the Wenks and State Farm related to a repair project of the Wenks' home

(the "Initial Incident Lawsuit")[1].   ECF No. 1-2 ¶¶ 5–6, 9.  The Settlement Agreement provides for a "strong confidentiality provision" that was a "material and substantial part of the consideration for the settlement."  *Id.* ¶¶ 11–12.  The Settlement Agreement contained a liquidated damages clause providing that any breach of the confidentiality provision "will be deemed a material breach for which the breaching party shall be responsible for the payment of liquidated damages."  *Id.* ¶¶ 13, 27.  However, the Settlement Agreement does not set forth a specific amount of liquidated damages, because the defendants in the Initial Incident Lawsuit objected to the liquidated damages amount proposed by the Wenks—$250,000.  *Id.* ¶¶ 14–15. However, the Complaint alleges that State Farm did not object $250,000 in liquidated damages.  *Id.*

Here, the Wenks allege that State Farm "began a series of actions that ensured the Settlement Agreement and its terms would not remain confidential."  *Id.* ¶ 16.  Specifically, the Complaint alleges that "[a]lmost immediately after signing the Settlement Agreement," State Farm, in the context of a separate suit,[2] moved for an order to compel the Wenks to produce the Settlement Agreement and provide testimony on its terms.  *Id.* ¶¶ 8, 17.  The Allegheny County Court of Common Pleas granted such an order and entered a Confidentiality Agreement and Order of Court (the "Confidentiality Order") to address the Wenks' concerns about producing the Settlement Agreement.  *Id.* ¶ 18.

The Confidentiality Order required that any court filing mentioning the terms of the Settlement Agreement was to be filed under seal and the parties' rights and obligations under the Settlement Agreement would not be affected.  *Id.* ¶¶ 19–20.  The Complaint alleges that State Farm

---

[1] *Wenk v. D&R Equipment, et al.*, Court of Common Pleas of Allegheny County, Docket No. G.D. 09-011729.
[2] The separate suit was initiated by the Wenks against State Farm and State Farm's preferred contractor and arose out of State Farm's handling of the Wenks' claim and the repairs performed by State Farm's preferred contractor (the "Insurance Lawsuit").  *See Wenk v. State Farm, et al.,* Court of Common Pleas of Allegheny County, Docket No. G.D. 08-018845. *Id.* ¶ 8.

filed a supplemental brief setting forth the financial terms and other confidential information from the Settlement Agreement in unredacted form on the public docket of the Allegheny County Court of Common Pleas and that the brief remained publicly available until the Wenks discovered the supplemental brief and demanded its removal from the public docket.  *Id.* ¶¶ 21–23.

The Wenks' first breach of contract claim alleges that State Farm breached the Settlement Agreement by filing its unredacted supplemental brief on the public docket.  *Id.* ¶¶ 24–27.  The Wenks' second breach of contract claim alleges that, by moving for a court order requiring the disclosure of the Settlement Agreement, State Farm undermined the confidentiality provision of the Settlement Agreement, which allowed only limited exceptions for (1) disclosures made in the Insurance Lawsuit to the extent it is necessary to disclose that a settlement had been reached in the Initial Incident Lawsuit or (2) disclosures pursuant to a court order.  *Id.* ¶¶ 28–33.

## II.    Standard of Review

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a claim.  In reviewing a motion to dismiss, the court accepts as true a complaint's factual allegations and views them in the light most favorable to the plaintiff.  *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008).  Although a complaint need not contain detailed factual allegations to survive a motion to dismiss, it cannot rest on mere labels and conclusions.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  That is, "a formulaic recitation of the elements of a cause of action will not do." *Id*.  Accordingly, "[f]actual allegations must be enough to raise a right to relief above the speculative level," *id.*, and be "sufficient … to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than the sheer possibility that a defendant has acted unlawfully."  *Id*. (quoting *Twombly*, 550 U.S. at 556).

The United States Court of Appeals for the Third Circuit has established a three-step process for district courts to follow in analyzing a Rule 12(b)(6) motion:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim."  Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth."  Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

*Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011) (quoting *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010)).  That said, under Rule 8's notice pleading standard, even after the Supreme Court's decisions in *Twombly* and *Iqbal*, a plaintiff need only "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims."  *Connolly v. Lane Constr. Corp.*, 809 F.3d 780, 788–89 (3d Cir. 2016) (finding that "at least for purposes of pleading sufficiency, a complaint need not establish a prima facie case in order to survive a motion to dismiss").

On the other hand, "[t]o prevail on a Rule 12(b)(6) motion to dismiss based on an affirmative defense…a defendant must show that 'the defense is "apparent on the face of the complaint" and documents relied on in the complaint.'"  *Lupian v. Joseph Cory Holdings LLC*, 905 F.3d 127, 130 (3d Cir. 2018) (quoting *Bohus v. Restaurant.com, Inc.*, 784 F.3d 918, 923 n.2 (3d Cir. 2015)).

Finally, when deciding a Rule 12(b)(6) motion and as noted above, the Court "must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents."  *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citations omitted).

Although State Farm appears to rely primarily on the allegations in the Wenks' Complaint in its briefing, ECF Nos. 6 & 12, the Wenks refer to various exhibits attached to the original

Complaint, *see* ECF No. 11 at 1, 5 (citing Exhibit A, the Settlement Agreement and Exhibit C, the Confidentiality Order).  However, such documents were not filed on this docket (under seal or otherwise), and are unavailable on the Allegheny County Court of Common Pleas original docket for this case, which was removed to this Court.  *See* Allegheny County Court of Common Pleas, GD-22-001605, Docket No. 2 (Exhibits to Complaint filed as "Confidential Document Form").  Thus, in ruling on State Farm's Motion to Dismiss, the Court has limited its review to the allegations in the Complaint.

## III.    Discussion

### A.       Whether Judicial Privilege Applies in Breach of Contract Cases

State Farm first argues that judicial privilege (also referred to a "litigation privilege"[3]) protects State Farm's motion to compel the production of the Settlement Agreement, which was filed during the regular course of the Insurance Lawsuit.  ECF No. 6 at 3–4.  The Wenks respond that the judicial privilege is limited to defamation claims, such as slander or libel, and other similar tortious liability and does not foreclose a breach of contract claim.  ECF No. 11 at 3-4.

"The precise scope of [judicial] privilege is determined by state law."  *Koch v. Pechota*, 744 F. App'x 105, 114 (3d Cir. 2018).  Because this Court is sitting in diversity jurisdiction, it must apply the choice-of-law rules of Pennsylvania as the forum state.  *Id.* (citing *Berg Chilling Sys., Inc. v. Hull Corp.*, 435 F.3d 455, 462 (3d Cir. 2006) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941)).  However, the Court need not engage in this choice-of-law analysis because both parties have applied Pennsylvania law when analyzing the issue of judicial privilege.

---

[3] *See Holford v. Difabio*, No. 21-02261, 2021 U.S. Dist. LEXIS 232528, at *9 (E.D. Pa. Dec. 6, 2021);  *see also Grey v. Johansson*, No. 15-2479, 2016 U.S. Dist. LEXIS 53931, at *14 (E.D. Pa. Apr. 21, 2016) (citing *Schanne v. Addis*, 121 A.3d 942, 947 (Pa. 2015) as recognizing " a judicial [litigation] privilege providing immunity for communications which are made in the regular course of judicial proceedings and are material to the relief sought.");  *Lin v. Rohm & Hass Co.*, No. 2:11-cv-3158-WY, 2014 U.S. Dist. LEXIS 51052, at *33–34 (E.D. Pa. Apr. 14, 2014) (referring to judicial privilege and litigation privilege interchangeably).  The Court will use "judicial privilege" throughout for consistency.

*See* ECF No. 6 at 3–4;  ECF No. 11 at 3–4;  *see 84 Lumber Co., L.P. v. Bryan Constr. Co.*, No. 2:09-cv-103084, 2011 U.S. Dist. LEXIS 14174, at *14 (W.D. Pa. Feb. 14, 2011) (McVerry, J.) ("The parties do not dispute that Pennsylvania law applies to this case, and the Court need not engage in a choice of law analysis.").

"Pennsylvania … recognizes a judicial privilege providing immunity for communications which are made in the regular course of judicial proceedings and are material to the relief sought." *Schanne v. Addis*, 121 A.3d 942, 947 (Pa. 2015);  *see also Bochetto v. Gibson*, 860 A.2d 67, 71 (Pa. 2004) ("Pursuant to the judicial privilege, a person is entitled to absolute immunity for 'communications which are issued <u>in the regular course of judicial proceedings</u> and which are <u>pertinent and material to the redress or relief sought</u>.'" *Post v. Mendel*, 507 A.2d 351, 355 (Pa. 1986) (emphasis in original)).  Judicial privilege is an affirmative defense raised by the defendant. *Schanne*, 121 A.3d at 951 (citing Pa.R.C.P. 1030(a) and *Greenberg v. Aetna Ins. Co.*, 235 A.2d 576, 579 (Pa. 1967)).

"The privilege … had its origin in defamation actions premised upon statements made during legal actions, but it has now been extended to include all tort actions based on statements made during judicial proceedings."  *Panitz v. Behrend*, 632 A.2d 562, 564 (1993);  *see also Bochetto*, 860 A.2d at 71 ("This privilege is based on the 'public policy which permits all suiters, however bold and wicked, however virtuous and timid, to secure access to the courts of justice to present whatever claims, true or false, real or fictitious, they seek to adjudicate.'… 'to assure that such claims are justly resolved, it is essential that pertinent issues be aired in a manner that is unfettered by the threat of libel or slander suits being filed'" citing *Post*, 507 A.2d at 355).

Such privilege covers statements by a party or an attorney and includes statements made in open court and in pleadings.  *Schanne*, 121 A.3d at 947.  Judicial privilege "is absolute, meaning

that, where it attaches, the declarant's intent is immaterial even if the statement is false and made with malice." *Id.*

Although Defendants contend that Pennsylvania case law does not restrict the application of judicial privilege to defamation-based claims, ECF No. 12 at 1–2, neither party has cited case law applying the doctrine of judicial privilege to contract-based claims. The Pennsylvania Supreme Court has noted that:

> the scope of the judicial privilege has been gradually extended over time as courts, scholars, and practitioners have taken into account its usefulness in a variety of scenarios connected with the sound administration of justice as that term is broadly understood. The contours of the privilege, moreover, have been shaped by a case-by-case evaluation of whether its application in specific circumstances is needed to advance its underlying policy objectives.

*Schanne*, 121 A.3d at 948; *see also id.* (citing Restatement (Second) of Torts §§ 587–88 (1977) with respect to the judicial privilege to publish "defamatory matter").

Because (1) Defendants have not cited a case applying such privilege to a breach of contract cause of action; (2) the Pennsylvania Supreme Court's has instructed that the application of such privilege is case-specific; and (3) the affirmative defense of judicial privilege, at this procedural posture, must be apparent on the face of the Complaint to warrant dismissal, the Court will DENY State Farm's Motion to Dismiss on such grounds.

### B.    Whether a Request for Sanctions is the Exclusive Remedy for State Farm's Actions

State Farm contends that a request for sanctions, under Sections 7.0 and 8.0 of the Public Access Policy of the Unified Judicial System of Pennsylvania ("Public Access Policy"), is the exclusive remedy for State Farm's alleged actions. ECF No. 6 at 4–5; *see also* ECF No. 5-1. The Wenks respond that State Farm offers no legal authority in support of this argument and that the Public Access Policy along with the terms of the Confidentiality Order mean that the Public Access

Policy does not intend to displace a private party's right to protect confidential information through an agreement with another party.  ECF No. 11 at 4–5.

The Court's review of the Public Access Policy shows that the Public Access Policy does not address whether sanctions are an exclusive remedy.  *See* ECF No. 5-1 §§ 7.0–8.0.  Indeed, the issuance of sanctions appears to be permissive.  *See* ECF No. 5-1 § 7.0.F ("A Court may impose sanctions…"), *see also id.* § 8.0.F ("A court may also impose sanctions").

In the absence of any legal authority supporting the proposition that the Public Access Policy is an exclusive remedy and the Public Access Policy's silence on whether sanctions are an exclusive remedy, the Court will DENY State Farm's Motion to Dismiss on such grounds.

### C.  Whether the Complaint Alleges Liquidated Damages

State Farm's last argument in support of dismissal contends that the Wenks have failed to plead damages, which are required for a breach of contract claim.  ECF No. 6 at 5.  State Farm contends that the Wenks "allege that they are entitled to $250,000 in liquidated damages from State Farm, yet Plaintiffs concede that the Settlement Agreement does not provide for $250,000, or any specific amount, of liquidated damages," nor have they "alleged that they have sustained any damage as a result of State Farm's purported breach."  *Id.*  The Wenks allege that they have properly pled damages based on the Settlement Agreement's provision for an award of liquidated damages and that if the Court determines such provision to be ambiguous, the liquidated damages amount to be awarded is a question of fact for the jury.  ECF No. 11 at 6 (citing ECF 1-2 at ¶ 27)

Under Pennsylvania law, "[i]t is well-established that three elements are necessary to plead a cause of action for breach of contract: (1) the existence of a contract, including its essential terms, (2) a breach of the contract; and, (3) resultant damages."  *Meyer, Darragh, Buckler, Bebenek & Eck, P.L.L.C. v. Law Firm of Malone Middleman, P.C.*, 137 A.3d 1247, 1258 (Pa. 2016).

Here, as discussed above, the Court does not have a copy of the Settlement Agreement, and thus, the partis' dispute centers on the below paragraphs in the Complaint:

13. Due to the importance of confidentiality, the parties further agreed that any party who breached the confidentiality provision must pay liquidated damages. [citing Settlement Agreement ¶ 6]

14. The Wenks proposed $250,000 for the liquidated damages amount, which reflected the Wenks' value of confidentiality. State Farm did not object to the Wenks' proposal of $250,000; however, the defendants disagreed with the amount and therefore no specific amount was set forth in the Settlement Agreement. *Id.*

15. Although State Farm did not express any objection to the $250,000 liquidated damages amount, State Farm's subsequent conduct breached the Settlement Agreement by repeatedly violating the confidentiality provision.

…

27. In accordance with the terms of the Settlement Agreement, any breach of the confidentiality provision "will be deemed a material breach for which the breaching party shall be responsible for the payment of liquidated damages." [*Id.*]

*See* ECF No. 1-2.   Based on a review of the Complaint, it appears that there is a provision in the Settlement Agreement providing for liquidated damages in the case of a material breach, *see id.* ¶ 27, although "no specific amount [of liquidated damages] was set forth in the Settlement Agreement."  *Id.* ¶ 14.

Without the Settlement Agreement to review, the Court will not, at this motion to dismiss stage, address this potential contradiction or ambiguity and its effects, if any, on the validity and the effectiveness of the liquidated damages clause.

## IV.    Conclusion

For the foregoing reasons, the State Farm's Motion to Dismiss will be DENIED.

DATED this 22nd day of August, 2022.

BY THE COURT:


/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge


cc (via ECF email notification):

All Counsel of Record