IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEFFREY R. WENK, LEE ANN WENK,<br><br>      Plaintiffs,<br><br>   v.<br><br>STATE FARM FIRE AND CASUALTY COMPANY,<br><br>      Defendant. | 2:22-CV-00433-CCW |

**ORDER SETTING INITIAL SCHEDULING CONFERENCE**

The following deadlines are set for the above-captioned matter:

**1.**       **Initial Rule 16 Scheduling Conference**

An Initial Rule 16 Scheduling Conference is scheduled for **October 3, 2022**, **at 10:00 a.m.** via the teleconference information previously provided to the parties. *See* ECF No. 4. Lead counsel for all parties shall participate in the telephonic conference and parties shall be available by phone. All counsel and unrepresented parties shall bring their calendars to the conference for scheduling purposes.

**2.**       **Rule 26(f) Conference**

Pursuant to Federal Rule of Civil Procedure 26(f), the parties must confer to consider the nature and basis of their claims and defenses, proposed deadlines, the nature and scope of discovery and the possibilities for a prompt settlement or resolution of the case. The parties also must arrange for the exchange of the initial disclosures required by Rule 26(a)(1). The parties shall meet and confer on or before **September 19, 2022**.

**3.**       **Rule 26(f) Report and ADR Stipulation**

Prior to the Initial Rule 16 Scheduling Conference, the parties shall confer and file a report consistent with Rule 26(f) and a stipulation on the use of alternative dispute resolution (ADR).

The ADR stipulation must contain the information specified on the Court's Website under ADR program information (see web page at https://www.pawd.uscourts.gov/adr-program-information), and it must comply with Local Rule 16.2.  The parties must identify the type of ADR selected, the proposed neutral and the date by which ADR will be completed.  The stipulation selecting the ADR process, and the Rule 26(f) report as well as, if appropriate, any expedited docket stipulation, shall be filed on or before **September 26, 2022**.

4. **Expedited Civil Litigation Alternative to Mandatory ADR**

Effective September 4, 2012, as an alternative to participating in the Court's ADR process, the parties may elect to participate in this Court's expedited civil litigation program.  The purpose of this program is to offer parties the option of alternative, abbreviated, efficient and cost-effective litigation and trial.  **Participation is entirely voluntary**.  Further information about the program can be found on the Court's website at https://www.pawd.uscourts.gov/expedited-civil-litigation.

Parties who wish to participate in the expedited civil litigation program, should meet and confer collectively and with their respective clients and discuss all aspects of the program before executing the expedited docket stipulation, available at the above website.  When discussing this option, the parties should consider:  the cost of litigation; the complexity of the case; the number of witnesses; the likelihood of a successful dispositive motion; the pretrial and post-trial limitations established by the program; and the relative value of the case.  The **irrevocable** expedited docket stipulation is due on or before **September 26, 2022.**  Note that the filing of the expedited docket stipulation negates the requirement of the parties to file a stipulation selecting ADR Process.

5. **Settlement**

Counsel must meet and confer regarding settlement consistent with Rule 26(f)(2).  In cases in which a party has requested a JURY trial, at least three (3) business days prior to the initial Rule

16 scheduling conference, each party shall submit a confidential position letter of five (5) pages or less to Judge Wiegand's chambers. Any such position papers in this case are due on or before **September 28, 2022** To ensure candor, the position letters are not to be filed or shared with opposing counsel, but rather, are to be emailed to chambers at Wiegand_Chambers@pawd.uscourts.gov. All position letters will be kept confidential.

The position letter shall include:

(a) A brief recitation of the most salient facts in the case;

(b) A forthright discussion of your party's strengths and weaknesses including your party's likelihood of prevailing on each claim or defense and a description of the issues remaining in dispute;

(c) An estimate of the cost and time to be expended for trial;

(d) The relief you are seeking; and

(e) Your party's settlement posture, including present demands and offers and history of past settlement discussions, offers, and demands.

In non-jury cases, the parties should not submit position letters.

6. **Practices and Procedures**

Counsel must familiarize themselves with the Practices and Procedures of the undersigned on the Court's website (*see* web page at:

https://www.pawd.uscourts.gov/sites/pawd/files/Wiegand_Interim_Practices_Oct_2020.pdf); and

they will be held responsible for complying with such practices and procedures.

DATED this 8th day of September, 2022.

BY THE COURT:

/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge

cc (via ECF email notification):

All Counsel of Record